TEXAS & P. RY. CO. v. MILES. (No. 1735.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 14, 1917. Rehearing Denied March 15, 1917.)

RAILROADS ☞348(1) — OPERATION — CROSSING ACCIDENTS—EVIDENCE — SUFFICIENCY.

Evidence *held* to sustain verdict for plaintiff in action for death of her husband when struck by a locomotive at a railway crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138, 1140, 1141.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Amanda Miles against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 192 S. W. 1138.

An engine pulling only a caboose, specially running east, struck a wagon right on the crossing of the public road in the village of Greenwood, La.; and as a result thereof Emma Glover, 14 years of age, who was riding in the wagon, was killed. The injury occurred August 1, 1913, at 5 o'clock p. m. The mother of Emma Glover brings the suit for

damages sustained by reason of her death. The negligence alleged in the petition is the failure of appellant's employés in charge of the train to keep a lookout for persons and vehicles traveling on the road and about to cross the track, and in not having the locomotive under proper control, and in approaching the crossing at a high rate of speed without blowing the whistle or ringing the bell as a warning of the engine's approach, and in the failure of the employés, after discovering the perilous situation of the deceased, to use the means they should have used to avoid injuring her. The defense relied upon was contributory negligence of the deceased and the person driving the wagon. The verdict of the jury was in favor of appellee in the sum of $500.

At the point of injury the appellant's track runs east and west, and is in a cut the north bank of which is 10 or 12 feet high. The depot building is on the south side of the track and between 12 and 20 yards west of the wagon road in question. Just west of the depot building on the south side of the track are two section houses. A public road approaches the railroad from the northwest and reaches to within about 100 feet of the railroad track at a point beginning about 300 yards west of the depot. The public road then proceeds eastward parallel to the railroad track and about 100 feet north of the track and on top of the north bank of the cut. When the public road gets about even with the depot, it curves to the southeast, comes down the bluff of the cut, with a considerable incline, to the ground nearly on a level with the railroad, then turns south for about 50 feet, crossing the railroad at right angles and continuing on south. Cicero Miles was driving the wagon, which was drawn by two horses, and in the wagon were also Emma Glover, a boy, and another person. The wagon was proceeding east and south across the track. The evidence on the part of the plaintiff shows that the engine was running from 30 to 35 miles an hour, did not stop at the station, was making very little noise, and the bell was not rung nor the whistle sounded as it approached the crossing. The witnesses for defendant testify that the engine was running from 15 to 20 miles an hour, and that the whistle was sounded as it approached the station and the crossing. It was shown that a wagon could be seen on the road at any time after the engine reached a point about 300 yards west of the crossing, and that an engine could be seen from the wagon road about 200 yards or more from the crossing. The engineer was on the right-hand side of the engine, and says that the boiler head prevented him from seeing the approach of the wagon from the north, and that he did not see it until the heads of the team came from behind the boiler, when the engine was right at them. The fireman saw the wagon and tried to warn the engineer of the fact of its approach, but he says the engineer did not seem to hear. The brakeman in the caboose also saw the wagon while it was on the road and approaching the crossing. The fireman testified that when he first saw the wagon he hardly knew how far the engine was from it, but judged it was something like 75 yards, and he motioned towards the wagon to stop and tried to get the engineer's attention. At this time the engineer put on more steam and increased somewhat the speed of the engine. The horses then turned down the hill, which was a considerable grade, and began to trot, and then the driver began slapping them with the lines to get them across the track. After the engine struck the wagon, it was stopped in some six or eight car lengths' distance. The speed of the engine could have been slackened before striking the wagon, at the time the fireman first saw the wagon on the hill.

There is evidence tending to support the conclusions reached by the jury in their verdict, and, in deference to the verdict, their findings of fact are sustained.

F. H. Prendergast, of Marshall, for appellant. Cary M. Abney, M. M. O'Banion, and T. P. Young, all of Marshall, for appellee.

LEVY, J. (after stating the facts as above). The points raised by the assignments of error are that the evidence showed the deceased and the person driving the wagon to have been guilty of negligence contributing to cause her death, and did not show that her perilous situation was discovered by the engineer or the employés in the exercise of care to avoid injuring her. The controlling facts in the case of Railway Co. v. Tinon, 117 S. W. 936, are, we think, quite similar to the instant case, and in that case the questions now raised are discussed at length. We conclude that the ruling in that case would have application to this appeal, and that we would not be warranted in holding as a matter of law that the evidence does not support the conclusions of the jury as involved in their verdict.

It is thought that the court did not err in refusing the special charge complained of, and the assignments of error in that respect are overruled.

Judgment affirmed.